IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARICE E. SILVESTRO, et al.            )
                                       )
v.                                     ) NO. 3-13-0066
                                       ) JUDGE CAMPBELL
BANK OF AMERICA, N.A.                  )


MEMORANDUM


Pending before the Court is Defendant's Motion to Dismiss (Docket No. 6).  For the reasons

stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

FACTS

This action arises from Plaintiffs' attempts to modify their loan with Defendant, beginning

in December of 2008 and continuing until November of 2012.  Plaintiffs assert that they contacted

Defendant to inquire about federal programs to modify their existing loan and began the loan

modification application process in late 2008.  Plaintiffs claim that from January of 2008 until early

2010, they pursued the loan modification and were repeatedly told by Defendant[1] that the application

process was progressing.  Plaintiffs aver that in late January of 2010, Defendant represented to

Plaintiffs that Plaintiffs' loan modification application had been approved.  Plaintiffs allege,

however, that in the summer of 2010, before the modified loan was closed, Defendant notified

Plaintiffs that their loan modification application was denied. Plaintiffs contend that Defendant told

Plaintiffs to appeal that denial, and then Defendant reinstated Plaintiffs' application.

_____

[1]        Each reference to representations made by Defendant means statements made by
Defendant's employees or representatives.  In many instances, Plaintiffs have alleged specific names
for these individuals.

Plaintiffs allege that on September 8, 2010, Defendant told Plaintiffs that their application was still under review. Plaintiffs assert that on October 1, 2010, Defendant told Plaintiffs that their application had been declined because they did not provide all required documents. Plaintiffs claim that they sent the required documents and, on October 6, 2010, appealed the denial. Plaintiffs state that Defendant told them, on October 8, 2010, that Defendant had all the documents it needed to process Plaintiffs' application. On October 12, 2010, Defendant advised Plaintiffs that their appeal had been denied for failure to provide required documents. On October 19, 2010, Defendant told Plaintiffs to reapply.

Plaintiffs claim that, throughout all of this back-and-forth, Defendant told Plaintiffs to make reduced "trial payments" instead of their normal mortgage payments. Plaintiffs allege that Defendant told Plaintiffs all required documents had been received, their application was under review, and they should keep making trial payments. Plaintiffs represent that, upon their inquiries to Defendant from November of 2010 until March of 2011, they were consistently told by Defendant that their application was still under review. Plaintiffs aver that on April 1, 2011, Defendant notified Plaintiffs that their application was no longer being considered because of a lack of required documents.

Plaintiffs contend that, nonetheless, on April 14, 2011, Defendant told Plaintiffs that their application was being reviewed and that Defendant had all the information it needed. Plaintiffs state that on April 27, 2011, Defendant advised Plaintiffs that their application was moving forward and, on May 12, 2011, Defendant told Plaintiffs that their application was still progressing. Plaintiffs allege that, on May 18, 2011, Defendant told Plaintiffs to call back in two weeks. Plaintiffs claim that on June 7, 2011, Defendant told Plaintiffs that their application had been declined, but gave no reason.

Plaintiffs assert that, on June 14, 2011, they resubmitted their application, per Defendant's instructions, and Defendant assured them that all the required information had been received. Plaintiffs claim that on June 20, 2011, Defendant advised Plaintiffs that it had no information about their application but then stated that the application was being reviewed and that no additional information was required. Plaintiffs allege that each time they called Defendant during the summer of 2011, Defendant stated that their application review was ongoing. Plaintiffs contend that on September 9, 2011, Defendant told Plaintiffs they had been approved for a conventional sub-prime loan modification on August 10, 2011. Plaintiffs aver that, despite this representation, on September 13, 2011, Defendant notified Plaintiffs that their loan was not under any modification program or review. Plaintiffs further state that on October 4, 2011, Defendant advised Plaintiffs that their loan modification application had been declined on August 27, 2011, and there was no appeal from that decision.

Plaintiffs allege that, throughout this time, from April of 2010 until May of 2011, Defendant continued to instruct Plaintiffs to make "trial payments" instead of their previous mortgage payments. Plaintiffs claim that in June of 2011, Defendant refused to accept Plaintiffs' trial payment and told Plaintiffs for the first time that trial payments were valid only for three months. Plaintiffs assert that their further attempts to make payments were refused by Defendant.

Plaintiffs contend that in September of 2012, they requested from Defendant copies of their Note and Deed of Trust with regard to the subject loan and Defendant refused to provide copies of these documents. Plaintiffs claim that on November 14, 2012, Defendant sent a Delinquency Notice to Plaintiffs and on November 23, 2012, Defendant sent a Notice of Acceleration and Foreclosure.

As a result, this action was filed in the Chancery Court of Williamson County, Tennessee,

and the Chancellor issued an Order Granting Temporary Injunction, restraining and enjoining Defendant from foreclosing on Plaintiffs' property until final judgment is entered in this case. Defendant thereafter removed the action to this Court on January 28, 2013. Docket No. 1. Plaintiffs assert claims for intentional and negligent misrepresentation, negligence, and violation of the Tennessee Consumer Protection Act. Defendant has moved to dismiss all of Plaintiffs' claims for failure to state a claim upon which relief may be granted.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## MISREPRESENTATION

In order to prove a claim based on fraudulent or intentional misrepresentation, a plaintiff must show that: (1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the

false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008). Similarly, to succeed on a claim for negligent misrepresentation, a plaintiff must establish that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information; and the plaintiffs justifiably relied on the information. *Id.*; *Renasant Bank v. Ericson*, 2012 WL 640659 at * 16 (M.D. Tenn. Feb. 27, 2012).

Defendant argues that Plaintiffs have failed to state claims for intentional or negligent misrepresentation for three reasons: (1) failure to allege the claims with particularity, (2) failure to allege any misrepresentations of fact, and (3) failure to adequately allege reliance.

With regard to the first element, the Court finds that Plaintiffs' allegations are sufficiently specific to state a claim for purposes of a Motion to Dismiss. As set forth above, Plaintiffs have described specific representations on certain dates and, in some cases, from specific representatives of the Defendant. *See* Docket No. 1-1.

With regard to whether Plaintiffs have alleged any misrepresentations of fact, the Court again refers to the Complaint. Plaintiffs have alleged that employees of Defendant told them that their loan modification application was being reviewed; that their loan modification application was complete and Defendant needed no further documentation; that their loan modification application had been approved and then that it had been denied; that Plaintiffs should make "trial payments" and then that Plaintiffs should continue to make "trial payments." These representations are factual statements concerning the current state of Plaintiffs' loan modification application.

With regard to whether Plaintiffs have sufficiently alleged reliance, the Court finds that the Complaint sufficiently alleges that Plaintiffs acted and refrained from acting in reliance upon the representations of Defendant. In reliance upon Defendant's statements, Plaintiffs submitted documents, made trial payments instead of their regular payments, reapplied, filed appeals, and otherwise attempted to finalize their loan modification. Plaintiffs' reliance was to their detriment because Defendant not only denied the loan modification application, but it also failed to accept Plaintiffs' payments after May of 2011 and found Plaintiffs to be delinquent because of the trial payments which Defendant allegedly instructed Plaintiffs to make.

For these reasons, and because the Court must accept all allegations of the Complaint as true, Defendant's Motion to Dismiss Plaintiffs' intentional and negligent misrepresentation claims is denied.

## NEGLIGENCE

In order for there to be a cause of action for common law negligence, the following elements must be established: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. *Kellner v. Budget Car and Truck Rental*, 359 F.3d 399, 403 (6th Cir. 2004) (citing *Bennett v. Putnam County*, 47 S.W.3d 438, 443 (Tenn. Ct. App. 2000)).

Plaintiffs allege that Defendant breached its duty of care by, among other things, failing to inform Plaintiffs that information and/or documentation was required to properly process their modification application until after such time as the modification had been declined and by instructing the Plaintiffs to continue to make the "trial payments" beyond the initial three month

6

period.  Docket No. 1, ¶ 62.

Defendant argues that it owed no duty of care to Plaintiffs in this situation and that, in any event, Plaintiffs have pled no injury from Defendant's alleged negligence. Plaintiffs contend that a duty of good faith and fair dealing is implied in every contract in Tennessee and that injury is clearly pleaded in the Complaint.

Where two parties enter into a contractual arrangement, their obligations to each other generally arise only out of the contract itself. *Permobil, Inc. v. American Exp. Travel Related Services Co., Inc.* 571 F.Supp.2d 825, 842 (M.D. Tenn.2008). If a duty to conform to a standard exists between the parties irrespective of contract, and the defendant is negligent, the damaged plaintiff, generally speaking, may sue in tort. However, if the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty, without more, ordinarily will not support a negligence action. *Id.* Additionally, absent special circumstances, Tennessee law does not impose common law duties on financial institutions with respect to their customers, depositors, or borrowers. *Id.*; *Power & Tel. Supply Co. v. SunTrust Banks, Inc.,* 447 F.3d 923, 932 (6th Cir.2006). "This rests on the recognition that bank-depositor or debtor-creditor relationships generally involve arm's-length dealings." *Id.*

The Court finds that Plaintiffs' negligence claim involves performance of their mortgage loan.  Processing of Plaintiffs' modification application and instructions about mortgage payments involve the handling and servicing of Plaintiffs' loan, which are parts of the loan performance and are parts of the borrower-lender relationship. *See Vaughter v. BAC Home Loans Servicing, LP*, 2012 WL 162398 at * 5 (M.D. Tenn. Jan. 19, 2012). Plaintiffs have not identified a source of duty outside the borrower-lender relationship, so they have not established the first element of their negligence

claim. Therefore, Defendant's Motion to Dismiss Plaintiffs' negligence claim is granted, and that claim is dismissed.

## TENNESSEE CONSUMER PROTECTION ACT

Plaintiffs have alleged that Defendant's false and misleading statements were unfair and deceptive in violation of the Tennessee Consumer Protection Act ("TCPA"). Defendant argues that Plaintiffs have failed to state this claim with particularity, that Plaintiffs have failed to allege a loss of money or property, and that the TCPA is not applicable in this situation.

The TCPA prohibits unfair or deceptive acts or practices affecting the conduct of any trade or commerce.[2] Tenn. Code Ann. § 47-18-104(a). Specific acts or practices are declared to be unlawful under the Act. Tenn. Code Ann. § 47-18-104(b). Any person who suffers injury as a result of such unfair or deceptive act or practice may bring an action individually to recover actual damages. Tenn. Code Ann. § 47-19-109(a)(1). Plaintiffs' Complaint asserts that Defendant violated Tenn. Code Ann. § 47-18-104(b)(14), which prohibits "causing confusion or misunderstanding with respect to the authority of a salesperson, representative or agent to negotiate the final terms of a consumer transaction."[3]

Tennessee courts have found that the TCPA does not apply to mortgage foreclosures. *See, e.g., Malone v. U.S. Bank National* Ass'n., 2013 WL 392487 at * 5 (W.D. Tenn. Jan. 30, 2013);

---

[2]     Trade, commerce or consumer transaction under the TCPA means "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. § 47-18-103(19).

[3]     Plaintiffs' Complaint also asserts violation of Tenn. Code Ann. § 47-18-104(b)(27), which is inapplicable because Plaintiffs have no standing to enforce it: "Enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter and the director of the division." *See also Malone* at 5.

*Vaughter v. BAC Home Loans Servicing, LP*, 2012 WL 162398 at * 6 (M.D. Tenn. Jan. 19, 2012);

*Paczko v. Suntrust Mortgages, Inc.*, 2012 WL 4450896 at * 2 (Tenn. Ct. App. Sept. 25, 2012).[4]

Although Plaintiffs' complaints are not simply about a mortgage foreclosure, the TCPA itself

provides that it is also not applicable to "credit terms of a transaction."  Tenn. Code Ann. § 47-18-

111(a)(3).

The Court finds that renegotiation of a loan - that is, a loan modification application -

involves the credit terms of a transaction and, therefore, the TCPA does not apply. Accordingly,

Defendant's Motion to Dismiss the TCPA claim is granted, and that claim is dismissed.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 6) is GRANTED in part and

DENIED in part. Plaintiffs' claims for negligence and violation of the Tennessee Consumer

Protection Act are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[4]      In *Pursell v. First American National Bank*, 937 S.W.2d 838 (Tenn. 1996), the Tennessee Supreme Court held that the actions of the defendant bank in repossessing the plaintiff's collateral did not involve "trade" or "commerce" as those terms are defined in the TCPA. *Id*. at 841.