IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARICE E. SILVESTRO, et al.          )
                                     )
v.                                   ) NO. 3-13-0066
                                     ) JUDGE CAMPBELL
BANK OF AMERICA, N.A.                )

## MEMORANDUM

Because of a clerical error, the Memorandum mistakenly filed at Docket No. 47 is hereby replaced with this Memorandum.

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 36). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part. Plaintiffs' claims for mental anguish and emotional distress are DISMISSED.

## FACTS

This action arises from a mortgage loan from Defendant to Plaintiff Darice Silvestro in 2007 and Plaintiffs' attempts to obtain a loan modification. Plaintiffs allege that Defendant, through its representatives, negligently and intentionally misrepresented material facts to Plaintiffs, upon which Plaintiffs reasonably relied, causing Plaintiffs to suffer damages.

Defendant argues that it never made any false statement of material fact to Plaintiffs, that Plaintiffs did not rely upon any alleged misstatements, and that Plaintiffs have suffered no damages which are attributable to Defendant. Defendant seeks summary judgment on Plaintiffs' misrepresentation claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary

judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## MISREPRESENTATION

In order to prove a claim based on intentional misrepresentation, a plaintiff must show that: (1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) the plaintiff reasonably relied on the misrepresented material fact; and 6) the plaintiff suffered damage as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008); *Roopchan v. ADT Sec. Sys., Inc.*, 781 F.Supp.2d 636, 649 (E.D. Tenn. 2011).

Similarly, to succeed on a claim for negligent misrepresentation, a plaintiff must establish that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information; and the plaintiff justifiably relied on the information. *Walker*, 249 S.W.3d at 311; *Evans v. Walgreen Co.*, 813 F.Supp.2d 897, 933-34 (W.D. Tenn. 2011).

The Court finds that there are genuine issues of material fact as to whether Defendant misrepresented (negligently or intentionally) material information to Plaintiffs. For example, Ms. Silvestro testified that Defendant's representatives promised her a permanent home loan modification, then stated that she was not approved for a home loan modification, and then stated that her loan application was still active. Docket No. 45. Ms. Silvestro also testified that Defendant's representative told her, after her three-month trial payment period was over, to continue making the trial payments. *Id.* Ms. Silvestro stated that she was told again that her loan modification was not approved and then that a loan modification had been approved by Freddie Mac. *Id.* Ms. Silvestro testified that there were numerous times when she was told by Defendant's representatives that her loan modification application was not approved and then that it was still under review. *Id.* Plaintiffs also have presented evidence that, on August 10, 2011, Defendant represented to Plaintiff Silvestro that she was up to date and current on her home loan payments (Docket No. 46-6), which was false.

These alleged representations from Defendant include present, existing, and future facts which cannot all have been true. Many of these representations were misleading at best. Plaintiffs have presented sufficient evidence to show genuine issues of material fact as to whether Defendant's representations were false.

Defendant argues that Plaintiffs cannot demonstrate justifiable reliance. Whether a person's reliance on a representation is reasonable generally is a question of fact requiring the consideration of a number of factors. *Davis v. McGuigan*, 325 S.W.3d 149, 158 (Tenn. 2010); *Securamerica Business Credit v. Schledwitz*, 2014 WL 1266121 at * 21 (Tenn. Ct. App. March 28, 2014).[1]

The Court finds that Plaintiffs have created a genuine issue of material fact by stating that if Defendant had told her in the beginning that she could not qualify for a loan modification, Ms. Silvestro would have started either to refinance her home or to rent it to supplement her income so that she would not lose it. Ms. Silvestro also testified that she could have pursued a short sale or deed in lieu of foreclosure if she had known Defendant's representations were not true.

Finally, Defendant argues that Plaintiffs cannot identify any damages attributable to Defendant. Plaintiff has not sufficiently presented evidence as to their claims for mental anguish and emotional distress, and those claims are DISMISSED.

Plaintiffs have explained, however, how they relied on Defendant's alleged misrepresentations to their detriment with regard to their other alleged damages. Plaintiffs will have to prove, at trial, that their alleged damages were proximately caused by Defendant's representations; but Plaintiffs have sufficiently alleged such damages to survive summary judgment.

CONCLUSION

---

[1]     Those factors include the plaintiff's sophistication and expertise in the subject matter, the type of relationship - fiduciary or otherwise - between the parties, the availability of relevant information, any concealment of the misrepresentation, any opportunity to discover the misrepresentation, which party initiated the transaction, and the specificity of the misrepresentation. *Davis*, 325 S.W.3d at 158.

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 36) is GRANTED in part and DENIED in part. Plaintiffs' claims for mental anguish and emotional distress are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE